IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

NANCY ARSAN,

    Plaintiff,

v.

BETH KELLER, et. al.,

    Defendant.

Case No. 3:17-cv-121

JUDGE WALTER H. RICE

---

DECISION AND ENTRY OVERRULING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT AND NEW TRIAL (DOC. #100); TERMINATION ENTRY

---

This matter is currently before the Court on Plaintiff Nancy Arsan's Motion for Relief from Judgment and New Trial (Doc. #100). Defendant Kristi Weber has filed a response in opposition and Plaintiff has filed a reply. For the reasons set forth below, Plaintiff's motion, Doc. #100, is overruled and this matter is hereby terminated upon the docket of the United States District Court for the Southern District of Ohio, Western Division at Dayton.

### I.    Factual Background

Following discovery and a motion for summary judgment, this matter was tried before a jury for two days on Plaintiff's § 1983 claim against Defendant Kristi Weber, a caseworker for Greene County Children Services. Specifically, Plaintiff

claimed that her Fourth Amendment rights were violated on April 29, 2015, when Defendant, without Plaintiff's consent, entered Plaintiff's home, administered a drug test and had Plaintiff execute a safety plan for one of her children. The jury, however, answered three interrogatories and found that on April 29, 2015, Plaintiff gave consent to Defendant to enter her home, administer a drug test, and implement a safety plan for one of Plaintiff's children.

On September 5, 2018, Plaintiff filed a notice of appeal with the Sixth Circuit and two days later, on September 7, 2018, filed a motion to set aside the jury verdict and for a new trial. On December 12, 2018, a Judgment Entry was filed.[1]

Plaintiff's motion is pursuant to Rule 59(a), motion for a new trial, and Rule 60(b)(2), (3) and (6) as well as Rule 60(d)(3) of the Federal Rules of Civil Procedure. Plaintiff alleges that she has new evidence that justifies a new trial and cites to Rule 60(b)(2), (3) and (6) and (d)(3), which read as follows:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> \*\*\*
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> \*\*\*

---

[1] As a general rule, this Court no longer has jurisdiction over an action once a notice of appeal is filed, *Pittock v. Otis Elevator*, 8 F.3d 325 (6th Cir. 1993), however, because Plaintiff's appeal is from a non-final, non-appealable order, this Court will rule on Plaintiff's motion. *Lewis v. Alexander*, 987 F.2d 392 (6th Cir. 1993).

2

(6) any other reason that justifies relief.

***

(d) Other Powers to Grant Relief. This rule does not limit a court's power to:

***

(3) set aside a judgment for fraud.

The basis for Plaintiff's motion concerns, in part, the excluded testimony of Michael Klumb, a witness Plaintiff proposed calling as a rebuttal witness at trial. Plaintiff argued to the Court during the trial that Michael Klumb, the father of one of Plaintiff's children, should be permitted to testify on rebuttal since his testimony would go to the "motive and impeachment" of Defendant. Doc. #105, PAGEID#1209. Because the Court determined that Mr. Klumb's testimony was not relevant to the issue of whether consent was given by Plaintiff to Defendant on April 29, 2015, and, in any event, was impermissible hearsay, the Court denied any rebuttal testimony from this witness. Plaintiff then proffered testimony that Michael Klumb would testify that he was told by Kristopher Otto, Plaintiff's ex-husband, that he, Michael Klumb, should not go to Plaintiff's house on April 29, 2015, since Children's Services would be there and his presence would interfere with their investigation of Plaintiff. Doc. #105, PAGEID#1213.

Plaintiff's motion, however, goes beyond the proffer at trial and also includes an affidavit of Michael Klumb. The affidavit states the following:

1. Klumb was told by Kristopher Otto that Children's Services was going to Plaintiff's home on April 29, 2015; 2. Klumb saw a police car outside Plaintiff's home at the time that Kristi Weber was there on April 29, 2015; and

3

3. approximately 10 days after April 29, 2015, Klumb saw Defendant at Kristopher Otto's home, that Otto was "passing out beer" on the patio and "they" were verbally "attacking" Plaintiff. Doc. #100-1 PAGEID#898-899. The Klumb affidavit also states that he talked to Plaintiff's lawyer before the trial but did not discuss with Plaintiff's counsel the identity of who called Children's Services. *Id.*

## II.     Fed. R. Civ. P. 59 and 60(b)(2), (3), (6) and (60)(d) (3)

Although this Court has discretion in deciding whether to grant a new trial and in deciding whether to alter or amend a judgment, it is clear that in order to obtain relief pursuant to Rule 60(b), Plaintiff must establish (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice. *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir.1999) (citations omitted), as cited in *Intera Corp v. Henderson*, 428 F.3d. (6th Cir. 2005). As such, Plaintiff "faces a steep uphill climb" since any Rule 60(b) is limited by a public policy which favors the finality of judgments and termination of litigation. *Cummings v. Greater Cleveland Reg'l Transit*, 865 F.3d 844, 845 (6th Cir. 2017) (plaintiff employee unable to obtain relief from settlement agreement on grounds of mistake or fraud since not filed within one year) *Blue Diamond Coal Co. v. Trs. of UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir.2001) (change in decisional law and principles of equity did not entitle coal company to relief from judgment.)

A decision to deny relief under Rule 60(b)(2) is reviewed for abuse of discretion. *Luna v. Bell*, 887 F.3d 290, 294 (6th 2018.); *JPMorgan Chase Bank, N.A. v. First Am. Title Ins. Co.*, 750 F.3d 573, 584 (6th Cir. 2014), cert. denied, — U.S. — —, 135 S. Ct. 2349, (2015). Plaintiff's motion argues that her motion for relief from the judgment and a new trial are justified since she has "newly discovered evidence" which is presumably what is set forth in the Klumb affidavit. However, the law also requires that the newly discovered evidence must be material and "cannot be merely impeaching or cumulative." *Good v. Edison Co.*, 149 F.3d 413, 423 (6th Cir. 1998), as cited in *Luna v. Bell*, 887 F.3d at 294.

> Under Rule 60(b)(2), a party may request relief because of 'newly discovered evidence.' The movant needs to show by clear and convincing evidence (1) that it exercised due diligence to obtain the evidence and (2) that the evidence is material, i.e., would have clearly resulted in a different outcome. See *JPMorgan Chase Bank, N.A.* 750 F.3d at 585 (first citing *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008); then citing *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 615 (6th Cir. 2012); and then citing *Good*, 149 F.3d at 423.)

While Mr. Klumb testifies in his affidavit that he spoke with Plaintiff's counsel prior to trial, he also states that he did not disclose at that time that it was Jennifer Otto McDermott who called Children's Services to investigate Plaintiff. Doc. #100, PAGEID#899. Even assuming that Plaintiff has established "reasonable diligence" in talking to Mr. Klumb prior to trial, the information that is set forth in the affidavit is not "material" and would not have resulted in a different outcome, since it does not address whether Plaintiff gave consent to Defendant on April 29, 2015. As such, the information as to who called Children's Services, Ann Masters

or Jennifer Otto McDermott, even if admissible is "merely impeaching," *Good* at 423, and does not justify relief under Rule 60(b)(2).

Plaintiff has also cited the Court to Rule 60 (b)(3), which requires that Plaintiff prove any fraud, misrepresentation or misconduct by an opposing party by clear and convincing evidence, i.e., that the defendant either affirmatively misrepresented something or deliberately breached a duty to disclose. See, *Crehore v. United States*, 253 Fed. Appx. 547, 549 (6th Cir.2007) (no abuse of discretion in denying inmate's motion to vacate order denying § 2255 relief which Court considered as a Rule 60 (b)(3) motion) citing *Jordan v. Paccar, Inc.*, 97 F.3d 1452 (6th 1996) (per curiam) (evidentiary hearing required in Rule 60(b)(3) motion based on allegations of defendant withholding information of material discovery in product liability wrongful death trial). Based on the evidence before this Court, both at trial and through Plaintiff's motion and affidavit, there is no evidence of any fraud, intrinsic or extrinsic, misrepresentation or breach of any duty to disclose by Defendant. *Crehore v. United States*, 253 Fed. Appx. 547, 549 (6th Cir.2007); *Jordan v. Paccar, Inc.*, 97 F.3d 1452 (6th 1996). Finally, based on the above discussion and the Court's review of Plaintiff's motion, including the Klumb affidavit, Plaintiff has not provided "any other reason that justifies relief" pursuant to Rule 60(b)(6).

Plaintiff's last argument for relief from judgment and a new trial is Rule 60(d)(3), fraud upon the Court. Fraud upon the court, however, has been interpreted narrowly by the Sixth Circuit.

> Fraud upon the court should ... embrace only that species of fraud which does or attempts to, subvert the integrity of the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication, and relief should be denied in the absence of such conduct. *Demjanjuk v. Petrovsky*, 10 F.3d 338, 352 (6th Cir.1993) (internal quotation omitted).

Based upon the Sixth Circuit's interpretation, relief under Rule 60(d)(3) is "reserved for circumstances in which, for example, a judge or a juror has been bribed, a bogus document is inserted in the record, or improper influence has been exerted upon the court or an attorney so that the integrity of the court and its ability to function is directly impinged." *Morawski v. United States Dep't of Agric.*, No. 09–14568, slip. op., 2010 WL 2663201, at 7 (E.D. Mich. July 2, 2010). Plaintiff has presented no evidence to the Court that that would begin to address, much less satisfy, this standard.

III. **Conclusion**

For the reasons set forth below, Plaintiff's motion, Doc. #100, is overruled and this matter is hereby terminated upon the docket of the United States District Court for the Southern District of Ohio, Western Division at Dayton.

Date: December 28, 2018

WALTER H. RICE
UNITED STATES DISTRICT JUDGE